Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2435 | **DATE** | 4/12/2012 |
| **CASE TITLE** | Hucko vs. Jane, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* is granted in part and denied in part. Plaintiff is ordered to pay a reduced filing fee of $5 within 60 days of the entry of this order or face dismissal with prejudice. Plaintiff must also issue summons on Defendants within 60 days of the entry of this order or face dismissal with prejudice.
The Plaintiff's motion for appointment of counsel is denied without prejudice.
The § 1985 and § 1986 claims are dismissed without prejudice. The § 1983 claim remains.

■[ For further details see text below.]                                  Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Plaintiff's motion to proceed *in forma pauperis* and for appointment of counsel. For the following reasons, the former is **GRANTED in part** and **DENIED in part**; the motion for appointment of counsel is denied without prejudice.

Part of the determination in an *in forma pauperis* ruling is first determining whether the complaint has any possible merit or is frivolous on its face. *Wartman v. Branch 7, Civil Div., Cnty. Ct., Milwaukee Cnty., State of Wis.,* 510 F.2d 130, 134 (7th Cir. 1975). Plaintiff alleges he was searched and arrested without probable cause and was beaten by Harvey police officers before being released without charges. He alleges a cause of action under 42 U.S.C. §§ 1983, 1985 and 1986.

The Court stresses that the following is only an analysis for frivolousness and is not an indication of the merits of the case or likelihood to survive or fail under a motion to dismiss.

To establish liability under § 1983, a litigant must establish two elements: (1) state action**, i.e.,** that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, i.e., that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *King v. Spalding*, No. 11-C-3309, 2012 U.S. Dist LEXIS 38392 at *4 (C.D. Ill. March 21, 2012). For purposes of this motion, the complaint adequately alleges both.

To sustain a claim under § 1985(3), four **elements** are required: "(1) a conspiracy; (2) a purpose of depriving any person of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) injury to one's person or property or a deprivation of a right or privilege of a citizen of the United States." *Malone v. American Friends Service Committee, 213 Fed. Appx. 490, 494-495 (7th Cir. 2007).* Plaintiff has not alleged the purpose element, so this cause of action is dismissed without prejudice.

| STATEMENT |
|---|

Because a § 1986 violation is dependant upon a violation of § 1985 (*Traveler v. Ott,* 06-CV-304, 2006 U.S. Dist. LEXIS 86724 at *6 (N.D. Ind. Nov. 29, 2006)), this cause of action also has not been alleged, and is also dismissed without prejudice.

Regarding the *in forma pauperis* motion, Plaintiff has sworn he is homeless, receives $86 per month in welfare, and "$648" in Social Security. The Court is uncertain if the Social Security payment is monthly or yearly, but in either case, it puts him below the 2012 U.S. Department of Health and Human Services Poverty Guidelines for a family of one. However, the Court believes some show of commitment to pursuing a lawsuit is warranted, and therefore orders the Plaintiff to pay a reduced $5 filing fee or face dismissal with prejudice.

The Court reminds Plaintiff that "[t]he opportunity to proceed *in forma pauperis* is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused." Chung v. Dushane, 2003 U.S. Dist. LEXIS 22061, 2003 WL 22902561, at *2 (N.D. Ill. 2003) (citing Denton v. Hernandez, 504 U.S. 25, 27, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992)). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Because the Plaintiff has indicated he is homeless and receives mail through a post office box, the Court grants Plaintiff an extended period (60 days from the date of entry of this order) to do so or face dismissal with prejudice.

Regarding the request for appointment for counsel, the law dictates such a request is entirely discretionary, but must always be evaluated on an individual basis grounded in the Court's judgment rather than a standard response or inclination. *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). While there is no mandated formula for considering requests for counsel, three factors are typically taken into consideration: (1) Whether the indigent party has made "reasonable efforts to retain counsel," (2) the difficulty of the case weighted against to the indigent party's competency to litigate the case and (3) if a plaintiff does not appear competent, whether the presence of counsel would conceivably make a difference to the outcome of the case. *Id.* In *pro se* cases, there may be few facts on which to base competency, but the court is to evaluate it in light of whatever relevant evidence is available. *Id.* at 655. This evaluation may be revisited at the discretion of the court as the case progresses, or new information arrives to inform the Court. *Id.* at 658.

The party represents he has contacted three law clinics – a moderately reasonable efforts to retain counsel. At this point, with little information before it, the Court has no reason to believe this is an exceptionally complicated case or that plaintiff is unable to litigate it. It also has no indication of whether counsel would affect the outcome. Based on this limited knowledge, the Court at this point denies the motion, but without prejudice. If circumstances change, the court may entertain a motion for reconsideration.